**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| Brian Miller, ) | |
| ) | COMPLAINT |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| HSBC Bank USA, N.A. ) | |
| Equifax Information Services, LLC ) | |
| Experian Information Solutions, Inc. ) | |
| TransUnion, LLC ) | |
| ) | |
| Defendants ) | |

**PRELIMINARY STATEMENT**

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

**PARTIES**

2. Plaintiff Brian Miller is natural person who resides in the city of Germantown, County of Montgomery, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant HSBC Bank USA, N.A., ("HSBC") does business in Maryland, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

4. Defendant Equifax Information Services, LLC, ("Equifax"), is a credit bureau doing business in Maryland and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant Experian Information Solutions, Inc., ("Experian") is a credit bureau doing business in Maryland and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant TransUnion LLC, ("TransUnion") is a credit bureau doing business in Maryland and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

7. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

8. Venue is proper in this Court because a substantial part of the claim arose in this jurisdiction, and all Defendants "reside" in this jurisdiction, as that term is used in 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

9. On December 3, 2008, Plaintiff applied for a Best Buy credit card which was issued by HSBC (Acct # 7001-0621-4862-9755)

10. Plaintiff used this card to purchase a laptop and certain accessories, and then immediately disposed of the card. Accordingly, there were no subsequent purchases on this account.

11. This account was enrolled in a debt cancellation program which protected Plaintiff in case of damage, loss, or theft of merchandise purchased with said credit card.

12. Plaintiff's laptop was stolen in October 2009 and he reported this incident to the police and to HSBC.

13. On or about October 24, 2009, HSBC credited $953.99 against the underlying debt, which left a remaining balance of $747.29.

14. Plaintiff subsequently, and repeatedly, demanded that HSBC fully reimburse him for the loss.

15. Finally, on or about April 28, 2011, HSBC credited Plaintiff an additional $747.29 that satisfied the remaining balance of the account.

16. In between these dates, HSBC had sent this account to collections and it was negatively reported to the credit bureaus.[1]

17. Even after fully crediting the account, HSBC has not updated this entry on Plaintiff's credit report to mark it as "satisfied" and/or to remove any implications of delinquency as it was solely the result of HSBC's own negligence.

18. In individual letters dated July 10, 2012, Plaintiff disputed the HSBC debt to Equifax, Experian, and TransUnion (collectively, the "CRAs").

19. The CRAs are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information reported their databases.

20. In his letters to the CRAs, Plaintiff explained that HSBC had credited the account in full satisfaction of the debt, but that HSBC had not corrected the information it was furnishing to them.

---

[1] Plaintiff was forced to file multiple lawsuits pursuant to the Fair Debt Collection Practices Act to address these improper collection calls. Case No(s). 8:11-cv-02054-AW, 8:11-cv-02945-DKC.

2

21. With his letters to the CRAs, Plaintiff enclosed copies of the letters from HSBC crediting the account, as well as his driver's license and social security card.

22. The CRAs notified HSBC of Plaintiff's dispute.

23. Plaintiff received investigation results from Equifax dated July 26, 2012.

24. Equifax's July 26 investigation results indicated that the reporting on HSBC's debt had been "updated", but still showed that it was delinquent and charged off.

25. The indication that there was a delinquent outstanding balance on this account is/was inaccurate.

26. Plaintiff received investigation results from Experian dated July 18, 2012.

27. Experian's July 26 investigation results indicated that the reporting on HSBC's debt had been "updated", but still showed that it was delinquent and charged off.

28. The indication that there was a delinquent outstanding balance on this account is/was inaccurate.

29. TransUnion failed to respond to Plaintiff's dispute within the 30 day period required by 15 USC § 1681i(a)(1)(A).

30. In letters dated September 18, 2012, Plaintiff again disputed the HSBC debt to the individual CRAs.

31. This time, Plaintiff received investigation results from TransUnion which were dated October 10, 2012.

32. TransUnion's October 10, 2012 investigation results indicated reporting on HSBC's debt had been "updated", but still showed that it was delinquent and charged off.

33. The indication that there was a delinquent outstanding balance on this account is/was inaccurate.

34. Plaintiff received re-investigation results from Equifax dated October 5, 2012.

35. Equifax's October 5 re-investigation results indicated that the reporting on HSBC's debt had been "updated", but still showed that it was delinquent and charged off.

36. Plaintiff received re-investigation results from Experian dated October 10, 2012.

37. Equifax's October 10 re-investigation results indicated that the reporting on HSBC's debt had been "updated", but still showed that it was delinquent and charged off.

38. Plaintiff received a response to his dispute from HSBC dated October 5, 2012.

39. This response stated "We have received and processed multiple disputes regarding this Account, and based on our investigations, we are reporting the account status to all relevant major consumer reporting agencies as follows: Unpaid balance of $949.91 reported as a charge-off."

40. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that he was delinquent on the HSBC account was not appropriately deleted or modified.

41. From early 2011 to the present, Plaintiff's applications for credit has been denied by various credit providers due at least in substantial part to the inaccurate HSBC account on Plaintiff's credit reports.

42. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i

43. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

44. Defendants Equifax, Experian, and TransUnion willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

45. Defendants Equifax, Experian, and TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

46. As a result of Equifax's, Experian's, and TransUnion's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

47. Equifax's, Experian's, and TransUnion's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

48. Plaintiff is entitled to recover costs and attorney's fees from Defendants Equifax, Experian, and TransUnion pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

49. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50.     Defendant HSBC willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, and by failing to appropriately report the results of their investigations, and by failing to appropriately modify, delete, and/or block the information.

51.     As a result of HSBC's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

52.     HSBC's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

53.     Plaintiff is entitled to recover costs and attorney's fees from Defendant HSBC pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT III: DEFAMATION**

54.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55.     Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

56.     Defendants' foregoing actions and omissions were intentional and malicious.

57.     As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.)     Plaintiff's actual damages;

b.)     Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.)     Such other and further relief as may be just and proper.

JURY DEMAND

58.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.


Respectfully submitted this 6th day of December, 2012

BRIAN MILLER


By:
/s/ Robinson S. Rowe
Robinson S. Rowe, Bar No. 27752
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com